IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TYCIAN BONNEAU,

        Plaintiff,                     03:11-cv-00745-HU

v.

OFFICER MURPHY, personally,         ORDER

        Defendant.

HERNANDEZ, District Judge:

      Magistrate Judge Hubel issued a Findings and Recommendation [#45] on February 5, 2013, in which he recommends that the Court (1) grant plaintiff Tycian Bonneau's motion for summary judgment as to defendant Officer Murphy's qualified immunity defense, and (2) deny plaintiff's motion for summary judgment on all other grounds.

      The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the

1 - ORDER

Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objects only to the recommendation denying summary judgment on the portion of plaintiff's Fourth Amendment claim contending that defendant conducted a pat-down search of plaintiff without reasonable suspicion that plaintiff was armed and dangerous. I have carefully considered the objections and I agree with plaintiff that the Findings and Recommendation should be modified with regard to the illegality of the pat-down search.[1]

The Findings and Recommendation correctly summarizes the Supreme Court's position on the constitutionality of a police officer's frisk or pat-down search of a driver or passenger during a traffic stop. While an officer may lawfully order the driver and passenger to get out of the vehicle until the traffic stop is concluded, in order to justify a pat-down search "the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." Arizona v. Johnson, 555 U.S. 323, 327-331 (2009). The determination of reasonable suspicion involves consideration of "the totality of the circumstances surrounding the stop," United States v. Burkett, 612 F.3d 1103, 1107 (9th Cir. 2010) (internal quotation marks omitted), and "must be based on commonsense judgments and inferences about human behavior," Illinois v. Wardlow, 528 U.S. 119, 125 (2000).

In reviewing the Findings and Recommendation regarding plaintiff's motion for partial summary judgment, I consider the evidence in the light most favorable to defendant. According to defendant's declaration, he stopped plaintiff's vehicle because the license plate was hard to read and the brake light was malfunctioning. Murphy Decl. ¶¶ 12-13. While defendant and another officer conducted the traffic stop, he observed the behavior of plaintiff and his passenger,

---

[1] There is still a factual dispute between the parties as to whether Murphy reached into Bonneau's pockets. In this Order, I resolve only whether Murphy had a right to conduct a pat-down search.

2 - ORDER

plaintiff's brother. Id. at ¶¶ 22-32. Plaintiff gave evasive answers regarding the vehicle's insurance policy. Id. at ¶ 20. Plaintiff and his brother did not make eye contact with the officers and "never moved and simply stared straight ahead." Id. at ¶¶ 22, 26. Plaintiff and his brother spoke to each other in low voices, and defendant's impression of their demeanor was that their comments were negative towards the officers. Id. at ¶ 22. Defendant considered plaintiff's conduct "highly unusual for a routine traffic stop." Id. at ¶ 9. Defendant was concerned that plaintiff's and his brother's "failure to make eye contact and nervousness suggested they were hiding something that presented a risk to [his] safety and that of [the other officer]." Id. at ¶ 30. Additionally, plaintiff "wore clothing capable of hiding a weapon." Id.

In my opinion, considering all of the facts that defendant alleges to be true, no reasonable juror could conclude that defendant had reasonable suspicion that plaintiff was armed and dangerous. Plaintiff's evasive answers regarding the vehicle's insurance policy provide no indication of the existence of a weapon. Similarly, the fact that plaintiff stared straight ahead and spoke to his brother in a low voice was perhaps unnerving to defendant, but could not reasonably be an indication that plaintiff was armed. Plaintiff's nervousness also does not indicate that he was armed and instead seems likely to be a common reaction to a traffic stop. See, e.g., United States v. I.E.V., 705 F.3d 430, 438 (9th Cir. 2012) (joining with other circuits in holding that "nervous or fidgety conduct" is not enough to justify a pat-down search). Finally, defendant offers no description of the clothing that plaintiff was wearing. Defendant does not indicate that he saw a suspicious bulge in plaintiff's clothing, nor did he observe plaintiff reaching for anything in his pocket, protecting any part of his clothing, or appearing to hide anything under his clothes. Taking into account the totality of the circumstances, defendant offers no evidence justifying a pat-down search.

3 - ORDER

Therefore, plaintiff is entitled to summary judgment on the issue of whether the pat-down search violated his Fourth Amendment rights. I have reviewed the pertinent portions of the record *de novo* and find no other error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Hubel's Findings and Recommendation [#45] and, therefore, plaintiff's motion for partial summary judgment [#31] is granted as to the violation of plaintiff's Fourth Amendment rights regarding the pat-down search and defendant's qualified immunity defense. The motion is denied on all other grounds.

IT IS SO ORDERED.

DATED this 4 day of April, 2013.

MARCO A. HERNANDEZ
United States District Judge

4 - ORDER